# AFFIDAVIT OF DEPORTATION OFFICER RICHARD J. COLEMAN IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Richard J. Coleman, being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Deportation Officer with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") assigned to the office of the Field Office Director ("FOD"), Boston, Massachusetts, and have been so employed since August of 2002. I am currently assigned to the ERO Criminal Prosecutions ("ECP") unit and have been so since June of 2020. I attended the Immigration Officer Basic Training Course in 2002. I have received training and have participated in investigations involving the enforcement of the immigration laws of the United States and the detection and apprehension of aliens who are in the United States unlawfully. My current duties as a Detention and Deportation Officer include, but are not limited to, conducting investigations involving foreign nationals who had previously been deported from the United States and are found unlawfully back in the United States. I know that it is a violation of Title 8, United States Code, Section 1326 to reenter the United States after deportation without having received the express consent of the Attorney General or Secretary of the Department of Homeland Security after that date.

2. The information contained in this affidavit is based upon information from my investigation, as well as information provided to me by other law enforcement agents and agencies, a review of criminal history records, and a review of documents from the Alien File #xxx-xxx-661("A-File") associated with an individual named Ramon Garcia-Tiburcio ("Garcia-Tiburcio"), DOB: xx/xx/1990.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant charging Garcia-Tiburcio with illegal reentry, in violation of Title 8, United States Code, Section

1326(a). This affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint and arrest warrant. In submitting this affidavit, I have not included each and every fact known to me and other law enforcement officers concerning this investigation. Instead, it only contains facts sufficient to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant.

## **PROBABLE CAUSE**

4. At an unknown place, at an unknown time, Garcia-Tiburcio entered the United States without being inspected by an immigration officer.

5. On July 18, 2012, Garcia-Tiburcio was encountered and arrested by ICE following his release from the Lawrence, KS Municipal Court. He was served Form I-862, Notice to Appear. The following day, Garcia-Tiburcio bonded out of ICE custody, the conditions of which required that he provide a full mailing address and telephone number and notify the Immigration Court of any changes.

6. A notice, dated December 20, 2012, alerting of a removal proceeding hearing scheduled for September 12, 2013 indicates that it was served on Garcia-Tiburcio and his then-attorney.[1] On September 12, 2013, an immigration judge ordered Garcia-Tiburcio removed to Mexico in absentia. The order indicates that it was served on Garcia-Tiburcio via mail.

7. On October 17, 2015, Garcia-Tiburcio was encountered and arrested by Customs and Border Protection at the Detroit/Canada Tunnel. According to an agent report, Garcia-

---

[1] The attorney filed a motion to withdraw as his attorney on that same day, indicating that he had not responded or communicated with Garcia-Tiburcio for several months and Garcia-Tiburcio had become unreachable via email and telephonically.

25-MJ-7085-JCB

Tiburcio made a sworn statement during which he stated that he did not have status in the United States.[2]

8. On November 10, 2015, Garcia-Tiburcio was removed to Mexico based on a final order of removal by an immigration judge. At the time of his 2015 removal, his right index fingerprint, photograph, and signature were obtained.

9. At an unknown place, at an unknown time, Garcia-Tiburcio reentered the United States without being inspected or admitted by an immigration officer.

10. On September 23, 2016, Garcia-Tiburcio was encountered and arrested by Border Patrol around the Sonoita, Arizona Border Patrol Station. He was served Form I-871, Reinstatement of Prior Removal Order.

11. On December 7, 2016, Garcia-Tiburcio was removed to Mexico. At the time of removal, his right index fingerprint, photograph, and signature were obtained.

12. At an unknown place, at an unknow time, Garcia-Tiburcio reentered the United States without being inspected or admitted by an immigration officer.

13. On November 29, 2024, ICE became aware that Garcia-Tiburcio was present in the United States following his arrest by the Lowell Police Department for Operating Under the Influence of Liquor and Possession of Class B Drugs- Cocaine.[3]

14. For the arrest on November 29, 2024, ICE received notice the person arrested was Garcia-Tiburcio through a notification of a fingerprint match from the Law Enforcement Support Center ("LESC"). When an individual is arrested and images of the arrestee's fingerprints are

---

[2] During this interaction, he also provided a false name to agents initially.

[3] On March 4, 2025, the Court dismissed the Possession of Class B Drugs- Cocaine charge and issued a Continuance Without a Finding for Operating Under the Influence of Liquor. The case is pending.

taken, those fingerprint images are submitted to the Federal Bureau of Investigation's ("FBI") Criminal Justice Information Services ("CJIS") database. A unique identification number, known as an FBI number, is generated for each individual who has fingerprint images in the CJIS database. The fingerprint images in the CJIS database are then shared with DHS's Office of Biometric Identity Management's ("OBIM") biometric repository called the Automated Biometric Identification System or "IDENT." OBIM's IDENT database maintains fingerprint image records for every alien's fingerprint taken during an interaction with ICE, United States Customs and Border Protection, or United States Citizenship and Immigration Services. The fingerprint images are assigned a Fingerprint Identification Number System ("FINS") number which is unique to each individual. Fingerprint images from the CJIS database are automatically compared to fingerprint images from the IDENT database to evaluate similarities of fingerprint friction ridge detail to establish a biometric match. Upon detection of a biometric match, IDENT sends a notification to the LESC. The LESC notification is sent to ICE through a system called the Alien Criminal Response Information Management System.

15. Based on the automated notifications of biometric matches of fingerprint images assigned to Garcia-Tiburcio, I have probable cause to believe that the individual arrested on November 29, 2024, and the individual removed from the United States on November 10, 2015 and December 7, 2016, are the same person — Garcia-Tiburcio. Investigators are in the process of collecting the fingerprint images from the arrests to submit for comparative analysis of the fingerprint images from the November 10, 2015 and December 7, 2016 removals.

16. On March 6, 2025, I reviewed the documents contained in Garcia-Tiburcio's A-file and confirmed, among other things, that Garcia-Tiburcio is a citizen and national of Mexico. The A-file also contains the removal verification documents referenced above.

17. A review of Garcia-Tiburcio's A-file also revealed no evidence that he has ever requested or received the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States following his deportation.

## CONCLUSION

18. Based on the foregoing facts, I submit there is probable cause to believe that on or about November 29, 2024, Garcia-Tiburcio, being an alien and having been excluded, removed, or deported from the United States on or about December 7, 2016, was thereafter found in the United States without having received the express consent of the Attorney General or Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

Richard J. Coleman
Detention and Deportation Officer
U.S. Immigration & Customs Enforcement

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of March 17, 2025.

_____
HONORABLE JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE